H. A. DEVLIN, Respondent, *v.* JAMES ANDERSON, Appellant.

Registration of Voters.—Presence in the State more than six months and in the county more than thirty days, under orders as a soldier in the military service of the United States, does not by itself entitle a person to be registered as a voter.

Idem.—Mere presence as a soldier of the United States, in obedience to military orders, does not make a residence, in the sense of the Constitution and laws, in relation to the elective franchise.

Idem.—D. being a citizen of New York, enlisted in that State as a soldier in the service of the United States. Having come to this State under military orders, and having been in the State more than six months, and in the County of Mendocino more than thirty days, but still in the service, and under military orders, applied to the County Clerk to be registered as a voter in that county. *Held*, that in view of the foregoing facts only, he was not entitled to be registered.

Appeal from the County Court of Mendocino County.

The case is stated in the opinion of the Court.

*J. B. Lamar* and *Thomas B. Bond*, for Appellant.

*Thomas L. Carothers*, for Respondent.

Sanderson, J., delivered the opinion of the Court:

This was a proceeding by mandamus, in the County Court of Mendocino County, to compel the County Clerk to enter the name of the petitioner upon the Great Register of that county. A mandamus was allowed, and the defendant has appealed.

The testimony shows that the petitioner is a soldier in the service of the United States, and that he came to this State in that capacity, having enlisted in the State of New York. That at the time of his application to be registered he had been in this State more than six months, and in the County of Mendocino more than thirty days. That he came to the State and to the county under military orders, and was so in the county at the time of his application.

This testimony fails to show that the petitioner, at the time of his application, was entitled to be registered as a legal voter of Mendocino County. It merely establishes his presence in the State and county as a soldier in the military service of the United States, and nothing more. Such a presence alone does not establish a *residence* in the State or county, in the sense of the Constitution and laws upon the subject of the elective franchise. On the contrary, the Constitution provides that, "for the purpose of voting, no person shall be deemed to have gained or lost a residence by reason of his presence or absence while employed in the service of the United States * * *," or in other words, in ascertaining the fact of residence, as we held in the case of *The People* v. *Holden* (28 Cal. 137), presence or absence in the service of the United States is a false quantity. In merely proving, therefore, a presence in the State and county, while in the service of the United States, the petitioner proved nothing, in effect, by which his right to be registered could be determined.

Judgment reversed.